IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CV-210-FL

| | |
|---|---|
| JAMES A. MOSELEY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| ) | |
| COUNTRYWIDE HOME LOANS, INC., ) | |
| BANK OF AMERICA CORPORATION ) | |
| and UNKNOWN INVESTORS ) | |
| ) | |
| Defendants. ) | |
| ) | |

The following motions have been referred to the undersigned for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636:

1) Defendants' motion to dismiss (DE-14);

2) Two separate motions for default judgment and to strike Defendants' motion to dismiss filed by Plaintiffs (DE's 21 & 24); and

3) Plaintiffs' motion for leave to amend complaint (DE-22).

Each of these motions is now ripe for adjudication. For the following reasons, it is HEREBY RECOMMENDED that: 1) Defendants' motion to dismiss (DE-14) be GRANTED and that Plaintiffs' Complaint (DE-1) be DISMISSED WITH PREJUDICE; 2) both of Plaintiffs' motions for default judgment and to strike Defendants' motion to dismiss (DE's 21 & 24) be DENIED; and 3) Plaintiffs' motion to amend (DE-22) be DENIED.

**Background**

*Pro se* Plaintiffs filed their Complaint on December 24, 2009 (DE-1). Plaintiffs'

1

Complaint focuses primarily on alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, with respect to two home loans.

TILA requires that "creditors" make certain "material disclosures" about the terms of the loan to the consumer. 15 U.S.C. §§ 1631, 1632, 1635; 12 C.F.R. §§ 226.17, 226.18, 226.19. Specifically, the creditor must disclose: (1) the annual percentage rate; (2) the finance charges; (3) the amount financed; (4) the total of payments; (5) the number, amounts, and timing of payments scheduled to repay the loan; and (6) in certain refinancing transactions, notice of the borrower's right to rescind. 15 U.S.C. §§ 1602(u); 1635; 1639(a). When the creditor fails to provide the material disclosures, the consumer has three years from the date of closing to rescind the transaction. 15 U.S.C. § 1635(f). The consumer may exercise that right by delivering written notice to the creditor of their intent to rescind. 12 C.F.R. § 226.23(a)(2). The consumer must then return to the creditor, less any payments, interest, and finance charges, the loan amount. Davis v. Wilmington Finance, Inc., 2010 WL 1375363, at *5 (D. Md. Mar. 26, 2010) ("[R]escission is an empty remedy without Plaintiffs' ability to pay back what they have received, minus interest and finance charges.") (citing Am. Mortgage Network, Inc. v. Shelton, 486 F.3d 815, 820-21 (4th Cir. 2007)).

On January 24, 2006, Plaintiffs obtained a loan for $349,998.00 from Defendant Countrywide Home Loans Inc. ("CHL") and executed a mortgage note and deed of trust in favor of CHL. (DE-1, ¶¶ 35-36.). Thereafter, on May 6, 2006, Plaintiffs obtained a home equity loan in the amount of $77,000 and executed a second mortgage in favor of CHL. (DE-1, ¶¶ 62-63). Plaintiffs now argue that both mortgages are subject to TILA's three-year rescission rule (DE-1, ¶¶ 51-59).

In their Complaint, Plaintiffs concede that they are unable to re-pay either loan (DE-1, ¶¶

13, 20). Therefore, they contend that "it is necessary either for Defendants to take full title to the Property and sell it themselves or for this Court to extinguish all liens and security interests on the title to the Property, so that the Plaintiffs can sell the Property without further interference from the Defendants" (DE-1, ¶ 11). Furthermore, Plaintiffs assert that "all parties interested in the Property have offered to convey the Property herein to Countrywide Home Loans, Inc. . . . by deed in lieu of foreclosure, as Plaintiffs in retirement can no longer afford to carry the mortgage" (DE-1, ¶ 12). Plaintiffs argue that Defendants are preventing them from being able to sell the property, because "[w]ould-be buyers and realtors do not want to invest the time and effort in exploring a purchase without reasonable assurance that a 'short sale' will be approved" (DE-1, ¶ 17). Similarly, Plaintiffs argue that Defendants' "inexcusable failure to cooperate with the sale of the Property, including a failure to . . . respond to a formal offer to purchase the house at $375,000 has directly harmed both the Defendants and the Plaintiffs. " (DE-1, ¶¶ 28, 29).

Moreover, Plaintiffs assert that they rescinded both loans "as provided by TILA and other laws" (DE-1, ¶¶ 33, 60). Plaintiffs also contend that both loans were defective, legally void and invalid for a number of reasons (DE-1, ¶¶ 48-59, 61-99). Furthermore, Plaintiffs argue that "Defendants have no money stake in . . . [either loan] and can suffer no losses", because "Defendant's rights and interests in Plaintiffs' mortgage has been . . . subdivided and . . . sold to many . . . other investors" (DE-1, ¶¶ 104, 106).

With respect to both loans, Plaintiffs allege that they sent Defendants notices of rescission and recorded the same in the Brunswick County land records. (DE-1, ¶¶ 45, 69). However, Plaintiffs do not allege that they tendered to Defendants the loan proceeds less any payments, interest or fees. Nor do Plaintiffs allege that they have the ability to repay the loan proceeds. On the contrary, as noted above, Plaintiffs expressly assert an inability to carry the mortgages because

3

they have substantial other debts and a limited income (DE-1, ¶¶ 12-13).

Based on these facts, Plaintiffs assert several causes of action. First, Plaintiffs assert a TILA violation (DE-1, ¶¶ 108-122). Specifically, Plaintiffs argue that Defendants "violated TILA in numerous ways, including, but not limited to: (a) failing to provide required disclosures prior to consummation of the transaction; (b) failing to make required disclosures clearly and conspicuously in writing; (c) failing to timely deliver to Plaintiff notices required by TILA; (d) placing terms prohibited by TILA into the transaction; and (e) failing to disclose all finance charge details and the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed." (DE-1, ¶117). Plaintiffs therefore contend that they are entitled to rescind the loan agreements (DE-1. ¶ 121).

Plaintiffs also argue that Defendants have "failed to honor" a TILA rescission (DE-1, ¶¶ 123-133). In this cause of action, Plaintiff state that they "rescinded the transaction with regard to both the First Mortgage and Second Mortgage, each separately by separate notice" (DE-1, ¶ 127). Specifically, Plaintiffs allege these notices were provided in late December 2008 and early January 2009 (DE-1, ¶ 128). However, Plaintiffs contend that Defendants "have failed to take any action necessary or appropriate to reflect the termination of any security interest created by the transaction, as required by 15 U.S.C. § 1635(b) . . ."(DE-1, ¶ 129).

Next, Plaintiffs seek a "declaratory judgment that deed of trust and security interest is invalid and void" (DE-1, ¶¶ 134-138). In support of this cause of action, Plaintiffs allege various defects in the first and second mortgage (DE-1, ¶¶ 136-137).

In addition, Plaintiffs claim that Defendants have breached the implied covenant of good faith and fair dealing. Specifically, Plaintiffs note that Defendants, *inter alia*, failed " to pay at least as much regard to Plaintiffs' interests as to Defendants' interests . . ."(DE-1, ¶ 141).

4

Plaintiffs also argue that Defendants failed "to give Plaintiffs' the requisite notice and disclosures." (DE-1, ¶ 141).

Furthermore, Plaintiffs contend that Defendants have violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2602(1) *et seq.* (DE-1, ¶¶ 146-151). Specifically, Plaintiffs state that Defendants accepted "fees, kickbacks or other things of value . . . pursuant to an agreement or understanding that business incident to or a part of a real estate settlement service involving federally related mortgage loans would be referred to other[s]. . ." (DE-1. ¶150).

Finally, Plaintiffs allege that they were defrauded because Defendants "falsified documents by adding and/or changing information on certain documents" (DE-1, ¶ 153).

**Analysis**

**Defendant's Motions to Dismiss and Strike**

Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action,

5

supported by mere conclusory statements." *Id*. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," *Id*. at 1947, claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," *Id.* at 1949, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1951 (quotations omitted).

As a general matter, much of Plaintiffs' Complaint fails to satisfy the Twombly/Iqbal standard. Plaintiffs describe Defendants' conduct as "negligent, fraudulent or unlawful" without pleading factual content to support these claims. Much of Plaintiffs' Complaint consists of threadbare recitals of the elements of their claims supported by conclusory statements. That alone is a sufficient basis to dismiss Plaintiffs' Complaint.

Furthermore, Plaintiff's TILA claim against Defendant Bank of America ("BoA") should be dismissed because TILA defines a "creditor" as someone who regularly extends credit and to whom the debt at issue was initially due. 15 U.S.C. § 1602(f). Because TILA only applies to "creditors," BoA does not have any liability for an alleged TILA violation. *See* Davis, 2010 WL 1375363 at * 3. In fact, few of the allegations in the Complaint relate to BoA in any way.

In addition, Plaintiffs' TILA claims are untimely. As noted above, TILA claims are subject to a one year statute of limitation. 15 U.S.C. § 1640(e). The statute of limitations begins to run when the borrower accepts the creditors extensions of credit. Davis, 2010 WL 1375363 at * 5. Plaintiffs closed on the second loan in May 2006, but did not file their Complaint until December 24, 2009.

Plaintiffs have also failed to demonstrate they are entitled to rescission. In short, Plaintiffs are not entitled to rescission because they concede they are unable to repay the loans in

6

question. The remedy of rescission is not intended to afford debtors the right to "walk away with a windfall." Shelton, 486 F.3d at 820. Rather, Plaintiffs must allege that they are able to fulfill their obligations by repaying the loan proceeds. Davis, 2010 WL 1375363 at * 5 ("rescission is an empty remedy without Plaintiffs' ability to pay back what they have received . . .")(*citing* Shelton, 486 F.3d at 820-821). *See also*, 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Plaintiffs have failed to do so. Indeed, Plaintiffs only attempt to repay any portion of the loan — the proposed short sale — is inadequate. *See* Benjamin v. Nationwide Lending Corp., 2010 WL 610768, at *4 (D. Md. Feb. 16, 2010) (holding that plaintiffs were not entitled to rescission where "Plaintiffs have made no definite offer, other than suggesting a short sale, to repay the loans.").

Because Plaintiffs are not entitled to rescission, they are likewise not entitled to a declaration that the security interest in their property is void. Plaintiffs acknowledge that they received loans for which they pledge an interest. The "defects" cited by Plaintiffs are: 1) conclusory; and 2) insufficient to support the declaratory judgment they seek. Plaintiffs cannot be heard to complain now that these transactions did not create a security interest in light of their express statement to the contrary at the time they received the loans. *See* Winborne v. Guy, 22 S.E.2d 220, 222 (N.C. 1942) ("When the plain intent of the contract is shown by the instrument, aided by the surrounding facts and circumstances, equity will decree that the instrument is an equitable mortgage.").

Likewise, Plaintiffs' claim that Defendants breached the duty of good faith and fair dealing is invalid. "In every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement." Russell v. BSN Medical, Inc., 2010 WL 2465344 (W.D.N.C. June 11, 2010)(*citing* Bicycle Transit Authority v. Bell, 333 S.E. 2d 299, 305 (1985). Plaintiffs' claim, however, is

7

fatally deficient in that they have not alleged that they did not receive the full benefits of the mortgage loan agreements. Because Plaintiffs received the benefits of the loans they bargained for, this claim is invalid. Indeed, Plaintiffs' allegations are not consistent with a claim for breach of the duty of good faith and fair dealing. Rather, Plaintiffs baldly assert that Defendants failed " to pay at least as much regard to Plaintiffs' interests as to Defendants' interests . . ."(DE-1, ¶ 141). What Plaintiffs are actually alleging is a breach of fiduciary duty, and "[t]he mere existence of a debtor-creditor relationship between [the parties does] not create a fiduciary relationship." Branch Banking & Trust Co. v. Thompson, 418 S.E.2d 694, 699 (N.C. App. 1992) (internal quotations omitted). Finally, even assuming, *arguendo*, that Plaintiff has made allegations sufficient to state such a claim, this claim is also time barred. *See* N.C. GEN. STAT. § 1-52(1).

Plaintiff's RESPA claim is also without merit. First, it is barred by the statute of limitations. The statute of limitations for a claim under RESPA is one year. 12 U.S.C. § 2614. This statute of limitations begins to run on the "date of the occurrence of the violation" Davis v. Beazer Homes, U.S.A., Inc., 2009 WL 3855935, * 2 (M.D.N.C. November 17, 2009)(internal citations omitted). As previously noted, Plaintiffs closed on the second loan in May 2006, but did not file their Complaint until December 24, 2009. Thus, any RESPA claim is time-barred. Even if Plaintiffs' RESPA claim was not time barred, Plaintiffs have failed to make allegations sufficient to support such a claim. 12 U.S.C. § 2607; 24 C.F.R. § 3500.14. In general, the provisions of RESPA cited by Plaintiffs are intended to prevent improper kickbacks or referrals. 12 U.S.C. § 2607; 24 C.F.R. § 3500.14. Plaintiffs have not properly alleged any improper kickback or referral fee. *See* Arthur v. Ticor Title Ins. Co., 569 F.3d 154, 160 (4th Cir. 2009) (finding that the lower court properly dismissed the RESPA claim where "[a]t no point have

plaintiffs explained why Ticor's commissions to its agents should be regarded as referral fees").

Finally, Plaintiffs allege they were defrauded by Defendants. To allege fraud under North Carolina law, Plaintiffs must plead five "essential elements: (1) a false representation or concealment of a material fact, (2) that was reasonably calculated to deceive, (3) which was made with the intent to deceive, (4) that did in fact deceive, and (5) resulted in damage." <u>Breeden v. Richmond Community College</u>, 171 F.R.D. 189, 194 (M.D.N.C. 1997). However, the factual basis for this claim is simply a bald assertion that "Defendants falsified documents by adding and/or changing information on certain documents" (DE-1, ¶ 153). Therefore, Plaintiffs have not pleaded with the requisite particularity that Defendants made any false representations with the intent to deceive Plaintiffs. Moreover, Plaintiffs allege that their loan documents were modified after signing. (DE-1, ¶ 153.) Because Plaintiffs had already executed the mortgage, an after-the-fact alteration could not have been intended to deceive Plaintiffs into signing, nor could it have actually deceived them. Plaintiffs also fail to allege that they sustained any damage as a result of fraud. Rather, Plaintiffs assert that due to the after-the-fact modification, they should be absolved of all obligations under both loans. (DE-1, ¶ 34.) In short, Plaintiffs have not pleaded with particularity the essential elements of fraud.

For the aforementioned reasons, it is HEREBY RECOMMENDED that Defendants' motion to dismiss (DE-14) be GRANTED and that Plaintiffs' Complaint (DE-1) be DISMISSED WITH PREJUDICE.

**<u>Plaintiffs' motions for default judgment</u>**

Plaintiffs have filed two motions for default judgment and to strike Defendants' motion to dismiss (DE's 21 & 24). Default judgment is only available when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" F.R.Civ.P. 55(a).

9

Case 7:09-cv-00210-FL   Document 29   Filed 09/30/10   Page 9 of 12

"The filing of a motion to dismiss constitutes defending an action within the meaning of Rule 55(a)." Buckner v. United Parcel Service, Inc., 2010 WL 2889586, * 1 (E.D.N.C. July 21, 2010)(*quoting* Hudson v. North Carolina, 158 F.R.D. 78, 80(E.D.N.C. 1994)). Therefore, if a motion to dismiss is timely filed, the action is defended and default should not be entered. *Id.*

Here, Defendants have clearly filed a motion to dismiss. However, Plaintiffs assert that the motion to dismiss was not timely filed (DE's 22 & 24). Plaintiffs' assertion is incorrect. On May 5, 2010 this Court entered an Order stating that Defendants "shall have until and including June 14, 2010 to . . . respond to Plaintiff's [sic] Complaint" (DE-12). Defendants' motion to dismiss was filed on June 14, 2010 (DE-14).

Accordingly, it is RECOMMENDED that both of Plaintiffs' motions for default judgment and to strike Defendants' motion to dismiss (DE's 21 & 24) be DENIED.

**Plaintiffs' motion to amend**

Finally, Plaintiffs have filed a motion to amend their Complaint (DE-22). Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires.'" Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 940 (4th Cir. 1995)(citing Foman v. Davis, 371 U.S. 178, 181 (1962)). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999). However, courts look disfavorably on motions to amend, like the instant one, brought for the purpose of circumventing dispositive motions. Googerdy v. North Carolina Agr. and Technical State University, 386 F. Supp. 2d 618, 623 (M.D.N.C. August 24, 2005). *See also*, Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc., 853 F.2d 1139, 1149 (4th Cir. 1988) (affirming denial of a motion to

amend in part because "the proposed amendment appears to have been an after-thought by appellant, possibly prompted only by the concern that it would lose on the summary judgment motion"); Goewey v. United States, 886 F.Supp. 1268, 1284-85 (D.S.C.1995)(denying plaintiffs' motion to amend because the "[p]laintiffs' attempt to amend their complaint now ... appears to be an eleventh hour attempt to evade a grant of summary judgment").

A proposed amendment is "futile" when "it advances a claim or defense that is legally insufficient on its face." Joyner v. Abbot Laboratories, 674 F. Supp. 185, 190 (E.D.N.C. 1987). *See also* Black & Decker, Inc. v. Greenfield Industries Inc., 1991 WL 239121 (D. Md. 1991)(Memorandum Opinion)("an amendment is considered futile if it could not survive a motion to dismiss or a motion for summary judgment"). The undersigned has reviewed Plaintiffs' proposed amendments and finds them to be futile. First, much of the motion to amend consists of responses to the arguments in Defendants' motion to dismiss rather than actual proposed amendments (DE-22, ¶ 28). Likewise, Plaintiffs' argument in support of this motion has little to do with Plaintiffs' substantive claims. For example, Plaintiffs contend that "the nightmarish red tape of having to get approval from a lender discourages realtors, bidders, and potential buyers" (DE-22, ¶ 13). Furthermore, the proposed amendments do not cure Plaintiffs' Complaint of the defects discussed above. Ultimately, even if the proposed amendments were permitted, the analysis on Defendants' motion to dismiss would not be altered and the undersigned would still recommend that Plaintiffs' Complaint be dismissed.

Therefore, it is RECOMMENDED that Plaintiffs' motion to amend (DE-22) be DENIED.

**Conclusion**

For the aforementioned reasons, it is HEREBY RECOMMENDED that: 1)

Defendants' motion to dismiss (DE-14) be GRANTED and that Plaintiffs' Complaint (DE-1) be DISMISSED WITH PREJUDICE.; 2) both of Plaintiffs' motions for default judgment and to strike Defendants' motion to dismiss (DE's 21 & 24) be DENIED; and 3) Plaintiffs' motion to amend (DE-22) be DENIED.

    SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, September 30, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE