IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CV-210-FL

JAMES A. MOSELEY; THE JAMES A. )
MOSELEY TRUST UNDER AGREEMENT )
DATED DECEMBER 16, 1999; BARBARA J. )
MOSELEY; and, THE BARBARA J. )
MOSELEY TRUST UNDER AGREEMENT )
DATED DECEMBER 16, 1999, )
 )
        Plaintiffs, )       ORDER
 )
    v. )
 )
COUNTRYWIDE HOME LOANS, INC.; )
BANK OF AMERICA CORPORATION; and )
UNKNOWN INVESTORS/PURCHASERS OF )
PLAINTIFFS' MORTGAGE ("John Does"), )
 )
        Defendants. )

     This matter comes before the court on defendants' motion to dismiss (DE # 14), plaintiffs'

motion for default judgment and motion to strike (DE # 21), plaintiffs' motion for leave to amend

(DE # 22), and plaintiffs' second motion for default judgment and motion to strike (DE # 24).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States

Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein

he recommends that the court grant defendants' motion to dismiss and deny the remaining motions.

No objections to the M&R have been filed, and the time within which to make any objection has

expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court

adopts the recommendation of the magistrate judge, grants defendants' motion to dismiss, and denies

plaintiffs' various motions for default judgment, to strike, and for leave to amend.

## BACKGROUND

On December 24, 2009, plaintiffs filed this action pursuant to the Truth in Lending Act of 1968 ("TILA"), 15 U.S.C. §§ 1601 et seq., the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2601 et seq., and North Carolina state law.[1] Plaintiffs allege that they are the mortgagors and defendant Countrywide is the mortgagee with respect to two mortgage loans on a residential property located in Southport, North Carolina. Plaintiffs assert that they have a right to rescind these transactions because defendant Countrywide failed to provide certain material disclosures under TILA. They seek monetary and declaratory relief.

On June 14, 2010, defendants moved to dismiss this action pursuant to Rule 12(b)(6). On July 6, 2010, in lieu of a response, plaintiffs moved for default judgment and to strike defendants' motion to dismiss as untimely. On July 13, 2010, they further moved for leave to amend their complaint, seeking to address certain arguments made by defendants in their motion to dismiss. Plaintiffs also filed a second motion for default judgment and motion to strike. Defendants responded to these motions on August 5, 2010. Plaintiffs did not timely reply.

On September 30, 2010, the magistrate judge entered his M&R, recommending dismissal of the complaint and denial of plaintiffs' motions. No objections to the M&R have been filed.

## DISCUSSION

A.    Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). However, absent any specific and timely filed

---

[1] After the instant action was filed, TILA and RESPA were amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010).

2

objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.     Analysis

1.     Plaintiffs' Motions for Default Judgment and to Strike

The magistrate judge recommends denying plaintiffs' motions for default judgment and motions to strike because defendants timely filed their motion to dismiss. The court agrees. Before moving for default judgment, a party must first move for default, which is entered when the opposing party fails to plead or "otherwise defend." Fed. R. Civ. P. 55(a). A motion to dismiss filed prior to a motion for entry of default constitutes "defending" against an action. Hudson v. North Carolina, 158 F.R.D. 78, 80 (E.D.N.C. 1994). Here, defendants timely moved to dismiss the complaint on June 14, 2010, before any motion for default judgment had been filed. Plaintiffs' motions for default judgment are properly denied.

2.     Defendants' Motion to Dismiss

The magistrate judge recommends dismissing plaintiffs' complaint with prejudice for a number of reasons. First, the magistrate judge found that the pleadings do not contain sufficient factual content to support the legal assertions of the complaint. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Indeed, it does not appear that any specific allegations pertain to defendant Bank of America, which is not a "creditor" of plaintiffs as used in TILA. See 15 U.S.C. § 1602(f) (defining "creditor" as a person who both

3

regularly extends credit and is the person to whom the debt arising from the specified consumer credit transaction is due). Although the court endeavors to liberally construe *pro se* pleadings, this principal is not without limits. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The magistrate judge did not err in recommending dismissal on this basis.

The magistrate judge also recommended dismissing plaintiffs' claims as untimely. Both TILA and RESPA are subject to a one-year statute of limitations which begins to run on the "date of the occurrence of the violation." 12 U.S.C. § 2614; 15 U.S.C. § 1640(e). The "date of the occurrence of the violation" is the date on which the borrower accepts the creditor's extension of credit. See, e.g., Davis v. Wilmington Fin., Inc., No. PJM-09-1505, 2010 WL 1375363, at *5 (D. Md. Mar. 26, 2010). Plaintiffs' state law claims are subject to a three-year limitations period. See N.C. Gen. Stat. § 1-52(1). Because plaintiffs did not file their complaint until more than three years after their loan closed, the magistrate judge correctly found that their claims were untimely.

Even if their claims could somehow be construed as timely, the magistrate judge noted that plaintiffs are not entitled to the remedy of recision because they have not alleged that they are able to fulfill their loan obligations by repaying the loan proceeds. The remedy of recision for a TILA violation does not provide plaintiffs with "the right to simply walk away with a windfall of [the loan proceeds] without any further obligation." Am. Mortg. Network, Inc. v. Shelton, 486 F.3d 815, 820 (4th Cir. 2007); see also Powers v. Sims & Levin, 542 F.2d 1216, 1220 (4th Cir. 1976) (holding that TILA does not relieve borrowers of the duty to return loan proceeds). The proposed short sale, with plaintiffs' borrowing the difference from their daughter, appeared insufficient to the magistrate judge to plead an ability to repay the loan. See, e.g., Benjamin v. Nationwide Lending Corp., No. AW-08-2511, 2010 WL 610768, at *4 (D. Md. Feb. 16, 2010). This was not clear error.

4

The magistrate judge recommends dismissing plaintiffs' action with prejudice. "[U]nless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009). However, the district court has the discretion to specify that a dismissal is without prejudice. See Carter v. Norfolk Cmty. Hosp. Ass'n, Inc., 761 F.2d 970, 974 (4th Cir. 1985). Here, particularly as plaintiffs' claims are time-barred, the court agrees with the magistrate judge that the dismissal of plaintiffs' action should be with prejudice.

3.    Plaintiffs' Motion to Amend

The magistrate judge recommended denying plaintiffs' motion to amend. The magistrate judge noted that the motion to amend appeared to have been made for the disfavored purpose of circumventing defendants' dispositive motion. See, e.g., Sandcrest Outpatient Servs., P.A. v. Cumberland Cnty. Hosp. Sys., Inc., 853 F.2d 1139, 1149 (4th Cir. 1988); Googerdy v. N.C. Agr. & Tech. State Univ., 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005). The magistrate judge found that the amended complaint was futile because it advanced claims were which legally insufficient on their face, and which failed to cure the defects in the pleadings identified by defendants in their motion to dismiss.[2] See Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006) (en banc) (holding that leave to amend under Rule 15(a) should only be denied when, *inter alia*, the amendment would be futile); Joyner v. Abbot Labs., 674 F. Supp. 185, 190 (E.D.N.C. 1987) (holding that leave to amend should be denied when the pleading as amended is frivolous, would be subject to dismissal, or advances a

---

[2] Defendants moved to dismiss on June 14, 2010. Plaintiffs moved for leave to amend on July 13, 2010. Because plaintiffs' motion for leave to amend was filed more than twenty-one (21) days after defendants' motion to dismiss had been served, they no longer had an absolute right to amend their complaint as a matter of course. See Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . .").

5

claim that is legally insufficient on its face). Because the complaint as amended would be subject to dismissal for the same reasons given by defendants in their motion to dismiss, the magistrate was correct to recommend the court deny plaintiffs' motion for leave to amend.

## CONCLUSION

After a careful and considered review of the M&R entered by the magistrate judge, to which no objections have been filed, the court ADOPTS the findings and recommendations of the magistrate judge in full. Defendants' motion to dismiss (DE # 14) is GRANTED. Plaintiffs' motions for default judgment and motions to strike (DE ## 21, 24) and motion for leave to amend (DE # 22) are DENIED. The clerk is directed to close this case.

SO ORDERED, this the ___ day of October, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge

6